A. BURKS, ADM'R, v. TENNESSEE A. BENNETT.

(Case No. 4265.)

1. COUNTY COURT — JURISDICTION.— A distributee of an estate moved to remove the administration to the district court, on the ground that the county judge, being a creditor of the estate on two small claims amounting to $22.64, was disqualified. The motion being overruled, it was developed on appeal to the district court that the county judge had once been temporary administrator of the estate; that as such he had given bond for less than the appraised value of the estate, and had made no final settlement. *Held,*

(1) The fact that no final settlement had been made by the county judge constituted such disqualifying interest as authorized the removal of the administration to the district court.

(2) The question being jurisdictional in its character, is considered in the supreme court though not raised in the original motion.

(3) The trial in the district court was *de novo*, and need not have been confined necessarily to the 'issues presented in the county court.

APPEAL from Maverick. Tried below before the Hon. Thomas M. Paschal.

*Walton, Green & Hill,* for appellant.— The court erred in its final decree, in ordering that the estate, and all matters pertaining thereto, be transferred to the district court of Maverick county, because of the disqualification of the county judge by reason of interest in said estate.

As to appointment and power of temporary administrators, see R. S., arts. 1877–1884.

As to proof of causes, see Brown *v.* Hobbs, 19 Tex., 169, 170.

As to what constitutes such interest as disqualifies, compare act of 1846, organizing district courts, O. & W. Dig., art. 378; act of 1846, organizing probate courts, Hart. Dig., art. 1084; act of 1848, concerning estates, O. & W. Dig., art. 842, with Const. 1876, art. V, sec. 11; Const. 1876, art. V, sec. 16; R. S., arts. 1138, 1139; Glavecke *v.* Tijirina, 24 Tex., 669–674; Ellsworth *v.* Morse, 5 Iowa (Clarke), 486; State *v.* Intoxicating Liquors, 54 Me., 564; Connors, Clermont & Co. *v.* Lytle, 3 Ohio, O. S. (Ham.), 289–90; Ellis *v.* Smith, 42 Ala., 353–55; Simon *v.* Haifleigh, 21 La., 607; Morgan *v.* Hammett, 23 Wis., 30.

BONNER, ASSOCIATE JUSTICE.— This is a probate proceeding relating to the estate of Ramirez, deceased.

It originated in the county court of Maverick county on the motion of appellee, Tennessee A. Bennett, as one of the distributees of said estate, to remove the administration into the district court of that county, on the ground that John S. Sproull, the county judge, was disqualified.

The alleged ground of his disqualification was that he owned two probated claims against the estate, one for $4.50, the other for $18.14.

The motion was overruled by the county judge, and from that judgment an appeal was taken to the district court. In that court the administratrix, A. Burks, appellant here, moved to dismiss the appeal, on the ground that the alleged interest was not such as to disqualify the county judge.

On the trial in the district court, in addition to the interest arising by reason of the county judge being the owner of the two claims, it was also shown that he had applied for temporary letters of administration on this estate; had given bond with security as such, in the sum of $3,800; had returned an inventory and appraisement of the property of the estate, amounting to $5,088,20; and that no final settlement had been made of this administration.

The testimony in regard to this temporary administration was objected to by appellant Burks, as shown by bills of exceptions, not on the ground that no such administration had been taken out, but that it did not constitute such disqualifying interest as would authorize the removal of the administration to the district court.

As thus presented, the reasonable presumption would be that the county judge had been duly appointed and qualified as temporary administrator, even though all the requirements of the statute may not have been affirmatively shown to have been complied with.

On this evidence the district court sustained the appeal, held the county judge disqualified, and ordered the administration to be transferred to that court. From this judgment the present appeal is prosecuted. The reason set forth in the judgment of the district court for its action is not that the county judge was disqualified because he was the owner of the two claims against the estate, but in general terms for "reason of interest in said estate."

Under the provisions of the constitution of 1876, and the statutes passed in accordance therewith, in force when this proceeding was had, no judge is permitted to sit in any case "in which he may be interested;" and any case in which a county judge shall be disqualified shall be removed to the district court. Const. 1876, art. V, secs. 11 and 16; R. S., arts. 1138-9.

In the view we take of the case, it does not become necessary to decide whether the fact that the county judge may be the owner of two probated claims, small in amount, against an estate valued at over $5,000, and which is not shown to be otherwise indebted, would be such disqualifying interest as should require the removal of the administration into the district court. Glavecke v. Tijirina, 24 Tex., 672. We feel reluctant to lay down a rule so far-reaching in its nature and which might seriously affect rights arising under administrations which were believed to have been legally carried on. We deem it proper, however, to invite attention to the case of Stall v. Thayer, 105 Mass., and other cases therein cited, but without intimating any opinion on this question.

It may be remarked that the above case of Glavecke v. Tijirina, 24 Tex., arose under a law not like the one now in force, which in general terms disqualifies a county judge by reason of being interested, but under a law which specially defined the grounds of that disqualifying interest; one of which was that he was a distributee of the estate. O. & W. Dig., art. 842.

It may be further noted that the alleged disqualification in that case was, that the judge was joint owner in the estate in a certain tract tract of land, not that he was interested in the estate itself.

We are of opinion, however, that the facts that the county judge had previously taken out temporary letters of administration, that no final settlement had been made of this administration, and his consequent liability to account therefor, was such disqualifying interest as would

authorize the removal of the administration into the district court.

It is contended by appellants that the court should be restricted to the ground of disqualification set out in the original motion — the interest arising by reason of the two claims against the estate.

We think that such question differs materially from the ordinary one requiring the proof to correspond with the allegation. It is not a question of pleading so much as it is one of jurisdiction, which can be raised at any time, and which it is the duty of the court to raise, even on its own motion, whenever the disqualifying fact may become known.

Besides, the trial in the district court was *de novo*, and need not necessarily have been confined to the very issues presented in the county court. That it was not so confined is evident from the character of the testimony adduced and the general terms of the judgment as above shown.

We are of opinion that there was no error in the judgment of the district court, and the same is therefore affirmed.

AFFIRMED.

[Opinion delivered May 13, 1881.]