## LEWIS PRENDERGASS v. R. C. BEALE, EXECUTOR, ETC.

### (Case No. 4000.)

1. DISQUALIFICATION OF COUNTY JUDGE.— When a county judge is disqualified, by reason of his interest in the probate of a will, from sitting as a judge, the district court will exercise jurisdiction (construing art. V, sec. 16, of the constitution).

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley.

Bridget Prendergass died in Navarro county in the spring of 1882, leaving a will in which she named R. C. Beale as executor. The will was executed on April 21, 1880, and was drawn by R. C. Beale, who was then, and still is, county judge of Navarro county.

On October 19, 1882, Beale filed his application in the district court of Navarro county to probate the will, and for letters testamentary, alleging as cause for jurisdiction in that court that he was named in the will as executor, and was the county judge of the county; that he was a creditor of said estate and had been the legal adviser of the testatrix in her life-time.

December 8, 1882, the appellant appeared and filed an answer contesting the probate of the will, chiefly on the ground that the district court had no jurisdiction.

January 22, 1883, the application was heard by the district court and granted, the will admitted to probate, and the applicant, R. C. Beale, appointed executor; from which judgment contestant appealed.

*Frost, Barry* and *Lee*, for appellant, cited R. S., 1789, 1790, 4875, 4876; Const., art. V, secs. 8, 16; *Ex parte* Towles, 48 Tex., 413; Guilford *v.* Love, 49 Tex., 719.

*Jas. L. Autry*, for appellee, cited Const., art. V, secs. 11, 16 (last sentence); R. S., arts. 1121, 1138; Chrisman *v.* Graham, 51 Tex., 454; Lane *v.* Doak, 48 Tex., 229–30; Mawthe *v.* Crozier, 50 Tex., 153; Bruhn *v.* National Bank, 54 Tex., 152; Cooley's Const. Lim. (4th ed.), 514 *et seq.*, and numerous cases there cited.

Willie, Chief Justice.— Art. V, sec. 16, of our state constitution expressly confers upon the district court jurisdiction of causes in which the county judge is disqualified to preside. The language of the constitution is comprehensive enough to include a cause in which the probate of a will is contested as well as any other.

Section 11 of the same article disqualifies a judge from sitting in a cause in which he may be interested, and art. 1138, Revised Statutes, contains a similar provision specially as to the county judge.

The appellee was undoubtedly interested in the proceeding commenced by him to probate the will of Mrs. Prendergass. He was the party plaintiff in the cause. He was the only executor named in the will, and the entire management of her property after her death was committed to him by the testatrix, subject to the supervision of the court having jurisdiction of the estate. His office was one of pecuniary value, which might be increased or decreased by the action of that court. His accounts were subject to the approval or rejection of the judge of the court. He must give bond and security, to be approved by the court having the estate administered within its jurisdiction.

For certain malfeasances or disobediencies of orders he could be removed, or attached and imprisoned by that officer. In case of controversy with the devisees, or others interested in the estate, that tribunal would settle the rights of the respective parties. And so we might enumerate many other instances in which the rights and interests of an executor lie wholly within the judicial discretion of the judge of the court in which he administers the estate of his testator.

The theory of our constitution and statutes, like that of the common law, is that no man shall be a judge in his own cause, or decide where his own rights or interests are in question. Yet if the same person who has the management of an estate has the power to determine as to whether or not it is correctly administered, and to make decrees which shall benefit or injure himself, the maxims of the common law and the meaning of the constitution and laws are violated in the most flagrant manner. The administration is one protracted trial, whose incidents and conclusion may benefit or dam-

age the executor, and he can no more be the judge presiding over it than he could in the trial of an action at law or a suit in equity where he was one of the parties whose rights were in issue.

In Hall v. Thayer, 105 Mass., 219, a probate judge was held disqualified to appoint his wife's brother administrator of an estate. In our own state it was held that a county judge was disqualified to preside in an estate where he had previously acted as temporary administrator, and had not closed his accounts as such.   Burks v. Bennett, 55 Tex., 240, 241.   The ground of the decision was that the judge was liable to account and could not do so to himself.

From the pleadings in this case the will was evidently to be contested as void for incapacity in the testatrix to make a will.   It is not reasonable that the executor should decide this question which would be placed at issue between himself and the contestant, and determine whether the will was valid or void, when upon the decision of that question depended his own personal and pecuniary interests.   We are of opinion that the district court had jurisdiction of the proceeding.   As to the objection that the application for probate of the will did not state the value of the property, if it were good, the defect was cured by amendment in proper time.   The object of this requirement is to inform the judge as to what the amount of the bond should be, and this information was duly given him by the amendment.   There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 18, 1883.]