## LOUIS PENDEGRASS vs. R. C. BEALE.

SUPREME COURT, AUSTIN TERM, 1883.

*Probate of Will—Disqualification of County Judge—Jurisdiction.*—Where the county judge is interested in proceedings contesting the probate of a will he is clearly disqualified and in such case the district court has jurisdiction.

*Same—Failure to state Value cured by Amendment.*—Failure to state the value of the property, in an application for probate of a will, can be cured by amendment, the object of the requirement only being for the purpose of estimating the amount of bond to be required of the executor.

Appeal from Navarro County.

*Frost, Barry & Lee* for appellant.

*Jas. L. Autry* for appellee.

Opinion by Willie, C. J.

Art. V. Sec. 16 of our State Constitution expressly confers upon

the District Court jurisdiction of causes in which the county judge is disqualified to preside. The language of the Constitution is comprehensive enough to include a cause in which the probate of a will is contested, as well as any other.

Sec. 11 of the same article disqualifies a judge from sitting in a cause in which he may be interested, and Art. 1138 Rev. Stat, contains a similar provision, specially as to the county judge.

The appellee was undoubtedly interested in the proceeding commenced by him in the will of Mrs. Pendegrass. He was the party plaintiff in the cause. He was the only executor named in the will and the entire management of her property after her death, was committed to him by the testatrix subject to the supervision of the court having jurisdiction of the estate. His office was one of pecuniary value which might be increased or decreased by the action of that court. His accounts were subject to the approval or rejection of the judge of the court. He must give bond and security, to be approved by the court having the estate administered within its jurisdiction.

For certain malfeasances or disobediences of orders he could be removed or attached and imprisoned by that officer. In case of controversy with the devisees or others interested in the estate, that tribunal would settle the rights of the respective parties. And so we might enunerate many other instances in which the rights and interests of an executor lie wholy within the judicial discretion of the judge of the court in which he administers the estate of his testator.

The theory of our Constitution and Statutes, like that of the common law is that no man shall be a judge in his own cause, or decide where his own rights or interests are in question. Yet if the same person who has the management of an estate has the power to determine as to whether or not it is correctly administered, and to make decrees which shall benefit or injure himself, the maxim of the common law, and the provisions of the constitution and laws are violated in the most flagrant manner. The administration is one protracted trial whose incidents and conclusions may benefit or damage the executor, and he can no more be the judge presiding on it than he could in the trial of an action at law or a suit in equity when he was one of the parties whose rights were in issue. In Hall vs. Thayer 105 Mass. 219, a probate judge was held disqualified to appoint his wife's brother administrator of an estate. In our own State it was

held that a County Judge was disqualified to preside in an estate when he had previously acted as temporary administrator, and had not closed his accounts as such. Banks vs. Bennett 55 Tex., 240, 241. The ground of the decision was that the judge was liable to account, and could not do so to himself.

From the pleadings in this case the will was evidently to be contested as void for incapacity in the testatrix to make a will. It is not reasonable that the executor should decide this question which would be placed at issue between himself and the contestant and determine whether the will was valid or void, when upon the decision of that question depended his own personal and pecuniary interest. We are of the opinion that the District Court had jurisdiction of the proceedings.

As to the objection that the application for probate of the will did not state the value of the property, if it were good the defect was cured by amendment in proper time. The object of this requirement is to inform the judge as to what the amount of the bond should be, and this information was duly given him by the amendment. There is no error in the judgment and it is affirmed.