# A. BURKS, ADMINISTRATRIY, VS. T. A. BURNETT.

## IN SUPREME COURT, TYLER TERM, 1884.

*County Judge—Disqualification.*—A county judge, who owns and holds any claim against the estate of a deceased person, is disqualified from making any order in the administration of such estate.

*Same—Orders Void.*—Any order made by a judge so disqualified approving a claim, or ordering and confirming the sale of lands belonging to such estate, is void, being *coram non judice.*

*Administration—Claim Barred.*—Where a claim was presented to an administratrix and rejected, and after the expiration of three months the administratrix caused her name to be erased from the endorsement rejecting the claim, and then endorsed her allowance upon the same, it is held, that the claim being barred by the statute, was not revived so as to bind the estate.

Appeal from Maverick county.

### STATEMENT.

This contest arose out of a probate proceeding in the district court, in the estate of J. M. & E. A. Ramirez, deceased. A part of the proceedings will be found reported in Burks vs. Bennett, 55 Tex. 237. After the administration was transferred to the district court, Mrs. Burks, as administratrix, presented an account of the administration to the court, which was contested by Mrs. Bennett, as heir. Several of the items were objected to as credits upon the ground that John S. Sproull, who as county judge had approved the claims, for the payment of which the credits were sought, was disqualified. Also, that the order of sale and confirmation thereof were made by him. Another claim was contested upon the grounds shown in the opinion. The court sustained these objections and rendered judgment accordingly, from which this appeal was taken.

### OPINION.

This is a proceeding in the district court in the administration of the estate of Ramirez and his wife, both deceased. The administration had been transferred to the district court from the county court of Maverick county on account of the disqualification of the county judge. The proceeding resulting in the transfer of the administra-

tion is reported in 55 Texas 237. These two grounds of disqualification of the county judge were asserted and relied on. The first, that he was a creditor of the estate ; and the other, that he had qualified as temporary administrator prior to his election as county judge. Upon the last ground the supreme court held that, as the question was then presented by the record, he was disqualified, but declined to express any opinion as to whether the fact that the judge held small claims against the estate would or not disqualify him. Under that decision the administration has been conducted in the district court since that time. This appeal is from the action of that court upon an account of the administratrix, Mrs. Burks, the court below having disapproved and disallowed several items of account, as well as a sale of the land of the estate, on the ground the county judge who approved the claims and ordered the sale was disqualified. Upon the contest in the court below it was made to appear, that he had never been appointed, nor had he ever qualified as temporary administrator of the estate. Hence that cannot be considered as ground for disqualification of the county judge in the matter now before the court.

But it is shown by the record that at the time of qualifying as county judge he was, and still is, a creditor of the estate, holding two small claims against it, which had been allowed by the administratrix, and approved by his predecessor in office. Therefore the important question now before the court is, as to whether that fact disqualified Judge Sproull from making orders approving claims, and directing sales of property in that administration.

Our constitution declares, that "No judge shall sit in any case wherein he may be interested." This declaration rests upon a just and obvious principle. Its enforcement is essentially necessary in protecting the citizen against injustice and wrong. The impartiality which it requires of a judge is incompatible with his having a pecuniary interest in the subject matter of the litigation over which he presides. The extent of the interest is immaterial, whether it be large or small does not effect the principle. If the judge has a pecuniary interest in the subject matter of the litigation he is disqualified and cannot sit in the case. This principle so forcibly commends itself to our sense of justice, that here, as in other states, it has been incorporated in, and made a part of the organic law, and our superior courts have, at all times, vigorously enforced that pro-

vision as well as those kindred provisions which relate to the disqualification of judges. (6 Tex. 435; 23 Tex. 112; 58 Tex. 354; 58 Tex. 23; 60 Tex. 676.

One who owns and holds approved claims against an estate is pecuniarily interested in it. Is interested in every order approving claims against the same. In every order directing the sale of property of the estate. The creditor, in short, is pecuniarily interested in every proceeding in the administration, from the appointment of an administrator until his claim is paid.

This is such direct pecuniary interest as would incapacitate a judge who is a creditor of the estate from making any order whatever in the administration thereof.

In Cottle, appellant, 5 Pick. 483, the supreme court of Massachusetts held that being a creditor to the estate disqualified the judge from making orders with respect to the administration.

While in Sigourney vs. Sibley, 21 Pick. 101, where the probate judge had a valid claim against an estate, but had determined in his own mind that he would not enforce it, and exercised jurisdiction over the estate, making orders therein, it was held, that the judge was interested as a creditor of the estate and that the orders made by him were void.

See also Hall vs. Thayer, 105 Mass 219.

As the county judge was disqualified by reason of interest in the estate or administration, all the purported orders made by him were void, being *coram non judice.*

In respect to the Eichenroth claim, for $1339, the court below found from the evidence that it had been presented to to the administratrix properly authenticated and that she disallowed the same, and that no suit had been brought within three months thereafter to establish it, and was therefore barred, and the court thereupon refused to allow the administatrix a credit for the payment of the same.

It seems that after the expiration of three months, that the administratrix reconsidered the matter, caused her name to be erased from the endorsement rejecting the claim, and then endorsed her allowance upon the claim.

Perhaps, if the rejection had been erased and the claim properly allowed before the expiration of three months, and that allowance properly approved, then no suit would have been necessary to estab-

lish the claim. But as the three months had elapsed the claim was barred by the statute, and could not be revived by the action of the administratrix so as to bind the estate.

The judgment vacating the order directing the sale of the lands of the estate, the sale, and order confirming the same, would not bind the purchaser as she was not a party to this proceeding. But as the exhibit forming part of the application for the sale, shows the interest of the county judge, all these orders are void, and may be attacked collaterally or otherwise, whenever any right is asserted by virtue thereof. McNally vs. Haynes, 59 Tex. 583.

Appellee objected to the allowance of the claim for $1525, as an approved claim in favor of appellant, upon two grounds, 1—That the claim had not been approved by a qualified county judge, that John S. Sproull, who approved the account, was disqualified by reason of interest; 2—That it was barred by reason of its not having been presented to and acted upon by some competent authority.

The court so far sustained these objections as to require of appellent to establish by evidence the justness of each item, and upon the hearing only allowed a portion of said claim.

This ruling was erroneous. The record shows that claim to have been properly authenticated Oct. 20, 1877, filed in court Dec. 17, 1877, and approved presumably at the same time by Wm. Stone, county judge, who was succeeded in office by Sproull. Each and every step in this respect seems to have been in accordance with the statute then in force. It is not pretended that Stone was in any way disqualified to make orders in said estate, and six months had not elapsed after the appointment and qualification of appellant, when the claim was authenticated and filed in the court.

The fact that Sproull, after his election and qualification as county judge, endorsed a qualified approval upon the claim, in no way renders it invalid, his pretended approval was *coram non judice*, and did not affect the claim in the least. As the case is to be reversed and remanded, it is sufficient for the ends of justice to remark, that appellant will have an opportunity to amend the account in the particular complained of, provided the law and facts authorize such amendment.

Reversed and remanded.                              Watts, J.