## WALKER COUNTY LUMBER CO. et al. v. SWEET et al.

### No. 2402.

Court of Civil Appeals of Texas. Beaumont.
Oct. 23, 1933.

Rehearing Denied Oct. 25, 1933.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellants.

Crawford & Crawford, of Conroe, for appellees.

WALKER, Chief Justice.

This suit was brought by appellants, against appellees, to set aside and hold for naught the judgment recovered by appellees against appellants in cause No. 4042 on the docket of the district court of Montgomery county, appealed to this court by these appellants, and affirmed by us, Walker County Lumber Co. v. Sweet, 40 S.W.(2d) 225. Appellants predicated their cause of action for cancellation of the original judgment on allegations that District Judge S. A. McCall, who tried the original case as presiding judge, in the district court of Montgomery county, had been of counsel for appellees, the successful litigants, before he was elected district judge, and was interested in the subject-matter of the litigation, and therefore disqualified, under the Constitution and laws of the state of Texas, to preside at the trial and sit in judgment on the merits of the cause of action. The case from which this appeal is prosecuted was tried to the Hon. W. C. Davis, judge of a different district court, without a jury, with judgment against appellants and to the effect that Judge McCall was not disqualified.

The law partnership between Judge Crawford, who has been counsel for appellees all through this litigation, and Judge McCall, was entered into by them in 1914. The following testimony given by these distinguished lawyers on the trial of this case gives a history of their law partnership, and we think fully sustains the judgment of the trial court denying appellants any and all relief. Judge McCall testified as follows, under examination by his former law partner, Judge S. A. Crawford:

"Q. Your name is Judge S. A. McCall? A. Yes.

"Q. Did you ever know of a suit being tried in this Court in June 1929 styled Sweet Heirs vs. Walker County Lumber Company? A. Yes.

"Q. What judge tried that case? A. I tried it.

"Q. What interest did you have in the subject matter of that case? A. None.

"Q. When did you run for office, Judge McCall prior to the present campaign? A. July, 1928.

"Q. Do you remember what time of the year you pitched your campaign? A. June, prior to Primary.

"Q. What interest did you have, if any, in the practice with me as a partner during the year 1928? A. Very little, engaged in campaign before Primary and after Primary in July, 1928, I stated to you that we had been partners for a good while, but that expected to change in January and did not want to be involved in any other litigation and would not have anything to do with any new business.

"Q. In this case of Mrs. Mary Nancy Sweet and Walker County Lumber Company, did Mrs. Mary Sweet, Milan L. Sweet, Benjamin G. Sweet, Charles D. Sweet, Mary E. Sweet Park, A. M. Park, James W. Sweet, Joseph W. Sweet or Lou S. Sweet ever talk to you in regard to that case with the view of employing you? A. No.

"Q. Were you interested in any contract made with them regarding land and timber? A. No.

"Q. Did you ever write any letters to Dean and Humphrey discussing the case one way or other? A. No.

"Q. Did anyone ever write you a letter? A. No.

"Q. Did any Sweet heirs mentioned ever consult you professionally about the case? A. No.

"Q. Did you ever make any contract with them? A. No.

"Q. Judge McCall, I will ask you to state whether or not beginning with early Spring of 1928 if any new case came into our office that you had any interest in? A. Don't recall any. Worked off old stuff.

"Q. If there should be a recovery in this case and a judgment collected would you be interested in the collection of that judgment? A. No."

Judge Crawford, being duly sworn, made the following statement:

"I make my statement. I state that in the early part of 1928 that Judge McCall and I had a conversation and it was understood and agreed between us that he would not participate in any new business that came into the office in that year. This came in several months after this agreement. This young man Mr. Sweet, his mother and brother discussed this matter entirely with me and I made a contract with them and Judge McCall was not employed in any way. I wrote the letter and signed McCall and Crawford. Our partnership was formed in 1914 and in writing for 14 years McCall and Crawford and used the plural 'we' from force of habit after our relations were severed. I do not know that a formal notice was given in the papers of dissolution of our partnership in 1928 but I do know that all business was handled by me and I collected the fees. Judge McCall had no interest in this case. When the contract was made Judge McCall's name was not mentioned and every letter was dictated by myself and I never had a conference with Judge McCall about the case. Mr. Womack states that I was active in a compensation case and got a fee of $75.00, which I do not now recall. Judge McCall had no interest in any new cases. I would answer letters that came to McCall and Crawford and say 'we'. In 1928 we had an accumulation of a lot of envelopes and letterheads that I used that bore the firm name and that I continued to use, not thinking any question would arise and all business that came into the firm in the Spring of 1928 I looked after and he was not interested in it and didn't get any fee.

" * * * Q. You do know that the partnership of McCall and Crawford was held out as a partnership until after January 1, 1929? A. No, on account of having our library together we kept offices in the same building and ordered books together.

"Q. There wasn't any firm of McCall & Crawford in the spring and summer of 1928? A. No.

"Q. You were simply engaged individually in the practice of law in Conroe? A. Yes.

" * * * Q. You and Judge McCall tried cases as the partnership of McCall and Crawford until January 1, 1929? A. Yes, some cases.

"Q. You paid the office rent under a lease of McCall and Crawford? A. My recollection is that Judge McCall did not pay any office rent and that I paid it all and the stenographer and took over the business.

"Q. McCall and Crawford represented Judge McCall in his contest? A. No.

"Q. At the time Judge McCall and Judge Manry were contesting for office you and S. A. McCall were counsel? A. No.

"Q. You won't tell Judge Davis that the firm of McCall and Crawford doesn't appear on record in either court? A. I don't know."

The testimony thus quoted clearly raised the issue that the partnership between Judge Crawford and Judge McCall as to all new business was dissolved before this particular piece of business was intrusted to Judge Crawford's care. The evidence is conclusive that, under the contract between these two former partners, Judge McCall had no interest in this litigation, no control over it, and knew nothing whatever about it until after he was elected and qualified as district judge. The facts of this case clearly distinguish it from Merchants' National Bank v. Cross (Tex. Civ. App.) 283 S. W. 555, 556; State v. Burks, 82 Tex. 584, 18 S. W. 662; Slaven v. Wheeler, 58 Tex. 26; Weil v. Lewis et al. (Tex. Civ. App.) 2 S.W. (2d) 566; King v. Wise (Tex. Civ. App.) 1 S. W.(2d) 732; and other authorities cited by appellants.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.