## In Re ECKHOFF'S ESTATE.

### (251 N. W. 892.)

(File No. 7306. Opinion filed December 29, 1933.)

*Frank Vincent,* of Alexandria, for Appellant.
*P. W. Scanlan,* of Salem, for Respondent.

CAMPBELL, J. Hinrich Eckhoff died testate in McCook county, S. D., and his will was admitted to probate in the county court of that county in 1923. Portions of the will were as follows:

"Fifth: I order and direct that a trust fund in the sum of six thousand dollars ($6,000.00) shall be created from the personal property of which I die possessed, and that the income from the said trust fund of six thousand dollars ($6,000.00) shall be paid annually to my daughter Martha Eckhoff-Schreader, so long as she may live and upon and after her death, I give and bequeath the said sum of six thousand dollars ($6,000.00) to her legitimate children."

"Seventh: I order and direct, that a trust fund in the sum of four thousand dollars, ($4,000.00) shall be created from the personal property of which I die possessed and that the income therefrom shall be paid annually to Miss Josephine Schreader, daughter of my beloved daughter Martha Eckhoff Schreader, until the said Josephine Schreader, shall marry or become of the age of thirty five

years. I further order that the said trust fund of four thousand dollars ($4,000.00) shall be paid to the said Josephine Schreader at such time as she shall attain the age of thirty five years, or at such time as she shall legally become married prior to the time she shall attain the age of thirty five years."

"Eighth: Should either of my daughters as above named, die without issue, I order and direct that the bequests as above set forth, accruing to either of them, shall be divided between my surviving heirs, share and share alike."

"Eleventh: I do hereby nominate and appoint my beloved son, Paul Eckhoff of Bridgewater, McCook County, State of South Dakota, to be the executor of this my last will and testament, and do serve without bonds."

Paul Eckhoff duly qualified as executor and in October, 1924, rendered his account "for a final settlement insofar as the same is possible at this time" and asked for distribution of the estate "insofar as the same is possible at this time." With reference to the trust fund in the fifth paragraph of the will, the county court approved the investment thereof by the executor, directed that he collect the interest thereon annually and pay such annual interest to the beneficiary Martha Eckhoff Schreader, and further directed that said executor "annually report his acts and doings hereunder to this Court, and upon the death of the said Martha Eckhoff Schreader he make an additional report to this Court so that the original fund may be distributed by the Court as in said will provided." Substantially similar provision was made with reference to the trust fund created by the seventh paragraph of the will.

Section 1, c. 156, Laws 1923, is as follows: "The Circuit Court of the County where trust property, or some portion thereof, is situated, other than property held by an executor, administrator, or guardian, shall have jurisdiction to supervise and administer such trust property. In case such property is situated in more than one county, the Circuit Court of the county to which application is first made shall administer such property. Such supervision and administration may be by special proceedings, of which proceedings notice shall be given as hereinafter provided."

In July, 1930, Martha Eckhoff Schreader, the beneficiary of the trust established by the fifth paragraph of the will, in behalf

of herself and as guardian of Josephine Schreader, beneficiary of the trust in the seventh paragraph, procured from the circuit court of McCook county, S. D., a citation directing the executor, Paul Eckhoff, to show cause why the circuit court should not appoint one McKellar, residing at Hancock, Sterns county, Minn., as trustee of said trusts, alleging: "That by the terms of the said last will and testament and the decree establishing the same no trustee has been named and none appointed by any court having competent jurisdiction and there is now a vacancy in the office of trustee under said will of said trust." The executor appeared and opposed said application, but, after hearing, the circuit court made and entered its order appointing McKellar trustee as prayed, from which order Paul Eckhoff has appealed.

 The rule with reference to testamentary trusts is announced in Perry on Trusts, Seventh Edition I, p. 469, to the effect that "if the executor is not expressly appointed trustee, the court may determine from the whole will whether he is to act as trustee." It is apparent that the county court having jurisdiction of the will did in this case determine that the executor was to act as trustee. It further appears to be the rule that "whenever any interest in the nature of a trust * * * is created by a will, and there is no special designation of the executor or any other person as trustee, it is incumbent upon the executor, as such, to administer the estate according to the provisions of the will." Pettingill v. Pettingill, 60 Me. 411. See, also, Richardson v. Knight, 69 Me. 285.; Ryder v. Lyon, 85 Conn. 245, 82 A. 573. In the instant case the county court of McCook county has not terminated the probate of the Hinrich Eckhoff estate nor relinquished jurisdiction thereof. The trust funds are in the custody of that court, as a matter of law, and are being administered by its executor pursuant to the directions of that court, and the circuit court of McCook county ought not to have interfered with the jurisdiction of the county court in such manner as would necessarily result by the making of the order appealed from. Since the funds in question at the present time are being held and administered by an executor under the authority and direction of the county court in connection with the administration of an estate pending in that court, chapter 156 Laws 1923, is not applicable and this is not presently a case where there is a vacancy in the office of trustee.

■ It may possibly be true, as suggested in Ryder v. Lyon, supra, that the executor should not continue to administer the trust, but that the settlement of the estate in the county court should be closed and completed and a trustee should be named to continue in the administration of the trust under the jurisdiction of the circuit court. On that point, we express no opinion. Neither do we express any opinion as to whether a nonresident of this state can or should be named as trustee. In any event, if that result is desired to be accomplished it should be initiated by proper proceedings for the closing of the matter in the county court where it is now pending, and not by an application to the circuit court such as was attempted in this case.

■ It appears from the record that P. W. Scanlan, who was attorney for the petitioner in the circuit court, is likewise judge of the county court of McCook county and was such county judge at the time of the entry of the decree of partial distribution in the Eckhoff estate. The absolute impropriety of his conduct in attempting to appear and act as attorney in the circuit court in this matter under the existing circumstances is too apparent to require comment. It hardly seems necessary to add that Mr. Scanlon is entirely disqualified to act further as county judge in any matters whatsoever connected with or pertaining to the Eckhoff estate, and in any further proceedings which may be undertaken in the county court in connection with that matter he should certify his own disqualification and some one else should act as contemplated by chapter 153, Laws 1919.

The order appealed from is reversed, and the cause remanded, with directions to dismiss the petition.

RUDOLPH, P. J., and ROBERTS and WARREN, JJ., concur.

POLLEY, J., absent and not participating.