**Elnora E. CONNER, Appellant,**

v.

**Vern G. CONNER, Appellee.**

**No. 8055.**

Court of Civil Appeals of Texas, Amarillo.

Aug. 10, 1970.

Rehearing Denied Sept. 8, 1970.

Sanders, Miller & Baker, and Robert Sanders, Amarillo, for appellant.

Linn, Helms, Countiss & Blackburn, and Richard N. Countiss, Spearman, for appellee.

DENTON, Chief Justice.

This is an appeal from a judgment granting Vern G. Conner a divorce from Elnora E. Conner and approving a property settlement agreement entered into by the parties. The trial court, after a hearing on appellant's motion for new trial, ordered an additur to the amount to be paid appellant under the property settlement, and overruled the motion for new trial.

The principal issue is whether the district judge who heard the case and entered the judgment was disqualified.

The parties were married in March 1954. On August 6, 1957, L. R. and Nellie E. Conner, parents of Vern Conner, conveyed to him as his separate property the surface of approximately 4,226 acres of land referred to by the parties as the "ranch". The deed and the deed of trust executed by Vern Conner, appellee here, were both acknowledged by Max Boyer, a partner at the time in the law firm of Boyer & Lemon. Mr. Boyer also filled out the check signed by Vern Conner as part payment. Mr. Boyer became Judge of the 84th Judicial District on December 21, 1957, some three and a half years after this transaction in question. It is appellant's position this involvement by Judge Boyer disqualifies him to sit in the trial of this case. The argument is that Boyer's alleged preparation and acknowledgement of the instruments conveying the property to appellee places him in the position of acting as counsel for the appellee.

Judge Boyer testified on the motion for new trial that he had no independent recollection of the preparation of the instruments involved, but did have a vague recollection of preparing a number of instruments involving transactions that Mr. and Mrs. L. R. Conner were dealing in about that time. He assumed these instruments were prepared by someone in the firm. He had represented L. R. and Nellie Conner on numerous occasions, but he had no recollection of ever representing Vern Conner.

On January 22, 1969, Vern Conner filed his petition for divorce. On January 31, 1969, Elnora Conner filed her answer and counterclaim for divorce and prayed that the plaintiff be required to file an inventory and appraisement. In response to this request the plaintiff filed a sworn inventory of his separate and community property on February 14, 1969. This inventory listed the 4,226 acres of land referred to above as his separate property. On July 14, 1969, Judge Boyer heard the case and entered judgment granting appellee a divorce and approving the property settlement the parties entered into on that same date. The property settlement awarded Mrs. Conner $40,000.00, an automobile, a house and lot in Amarillo and certain other described personal property. Mr. Conner received the remainder of the property listed in his inventory and appraisement, including the ranch. The judgment reflects all parties were present and were represented by their respective attorneys. The judgment further states Elnora Conner announced that "she was abandoning her cross petition for divorce and wished to be defendant only and not cross-plaintiff." Mrs. Conner testified at that hearing and under questioning by Judge Boyer she testified she was satisfied with the property settlement agreement, and desired that the court approve it.

Sec. 11, Art. 5 of the Texas Constitution, Vernon's Ann.St., provides that: "No judge shall sit in any case—when he shall have been counsel in the case." This identical disqualification is set out in Art. 15, Vernon's Annotated Civil Statutes. Thus the Constitution and statute expressly prohibits a judge from sitting in a case in which he "shall have been counsel." The obvious object of the provisions is to secure an impartial and unbiased trial for the litigants.

■ Generally, it has been held that in order for a trial judge to come within the constitutional and statutory disqualifications from sitting as a judge in a case in which he has been counsel, it is necessary

that the judge acted as counsel for some of the parties in suit before him in some proceeding in which the issues were the same as in the case before him. Matlock v. Sanders, Tex.Civ.App., 273 S.W.2d 956; Ruth v. Carter-Kelly Lumber Co., Tex.Civ. App., 286 S.W. 905. However, it is not necessary that the formal relationship of attorney and client exist for a judge to be disqualified. A trial judge who performed acts normally engaged in by counsel such as being consulted or giving advice in a matter which is the subject of the litigation may thus become disqualified. Johnson v. Johnson, Tex.Civ.App., 89 S.W. 1102 and Pinchback v. Pinchback, Tex.Civ.App., 341 S.W.2d 549 (Ref. N. R. E.).

 Here we have the trial judge who acted as a notary public in acknowledging the execution of a surface deed and deed of trust and filled out a check in part payment for the purchase price of the land. The evidence does not disclose who prepared these instruments, although it is presumed they were prepared by a member of the judge's former law firm. It is not shown Judge Boyer ever represented the appellee, and there is no evidence he advised any parties to this suit in that original transaction. It is our opinion Judge Boyer was not disqualified to sit in the trial of this cause.

Appellant's second point of error is not briefed, however, we think it proper to review it. The contention is made the judgment should be set aside because of appellant's confused state of mind and lack of comprehension of the matters involved at the time she entered into the property settlement agreement. The fact she testified she thought the ranch had been deeded to both her husband and herself, and that when the property settlement was presented to her on the day of the original trial she was confused and "dazed by the whole thing", is not sufficient under this record to set the judgment aside. There are no allegations or proof of fraud, duress or undue influence upon appellant in order to coerce her into executing the property settlement agreement. Appellant's inventory and appraisement listed the ranch as his separate property. The inventory had been on file since February 1969, some five months before appellant entered into the property settlement. It is undisputed she was continuously represented by able counsel. In addition to the substantial cash award granted appellant by the property settlement, the trial court awarded an additur of $4,974.60 as the amount representing her interest for reimbursement for contributions made by the community estate in payment of the mortgages and improvements made on the ranch land. In our opinion appellant's second point of error is without merit.

The judgment of the trial court is affirmed.