

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 20, 1992

Mr. Robert Flowers
Executive Director
State Commission on Judicial Conduct
P. O. Box 12265, Capitol Station
Austin, Texas 78711

Opinion No. DM-109

Re: Whether a constitutional county judge is disqualified from presiding over probate proceedings involving wills that he prepared or witnessed and related questions (RQ-48)

Dear Mr. Flowers:

You ask whether the county judge is disqualified from presiding over probate matters under various circumstances.[1] You state that in some of the more sparsely populated counties in Texas, the county judge presides over probate matters and is also one of the few attorneys in the county. In such counties, it is probable that wills prepared by the county judge will be offered for probate in his court. You ask whether constitutional county judges who are also licensed to practice law may preside over probate proceedings under the following circumstances:

1. when the will offered for probate was prepared by the judge for a deceased client prior to the time the judge assumed the bench?

2. when the will offered for probate was prepared by the judge for a deceased client after the judge assumed the bench?

3. when the will offered for probate was prepared by an attorney related to the judge by affinity or consanguinity within the third degree?

---

[1]The county judge is the presiding officer of the constitutional county court established in each county of the state by article V, section 15 of the Texas Constitution. *See* Tex. Const. art. V, § 16; Gov't Code § 21.009. The county court has the general jurisdiction of a probate court including authority to probate wills, grant letters testamentary and of administration and guardianship, settle accounts of personal representatives, and transact all business relative to estates subject to administration or guardianship. Prob. Code § 4; *see also id.* § 36 (duty of county judge with respect to estates).

4. when the will offered for probate was prepared by an attorney with whom the judge is, or was, engaged in the practice of law?

5. when the will offered for probate was prepared by another attorney but witnessed by the judge either prior to or after assuming the bench?

You also ask whether the answers would be different for a particular will that is self-proven or uncontested.

You direct our attention to article V, section 11 of the Texas Constitution, which governs disqualification, and rule 18b of the Texas Rules of Civil Procedure, which governs recusal, as relevant to your questions. We will address each provision in turn.

## DISQUALIFICATION

### Introduction

We will advise you about the law governing disqualification of a judge, but we cannot determine whether disqualification of a judge would be required in a particular case. This determination requires an evaluation of all relevant facts. A legal opinion from this office cannot make the fact findings necessary to decide whether a judge should be disqualified in a particular case.[2]

The constitutional provision sets out grounds for disqualification of a judge in the following language:

No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either

---

[2]The salient facts of some cases may be so similar to the facts recited in judicial decisions that the question of disqualification can be resolved as a matter of law. The facts you set out do not permit us to resolve your questions as a matter of law.

by affinity or consanguinity, within such a degree as may be pre-
scribed by law,[3] or when he shall have been counsel in the case.

Tex. Const. art. V, § 11 (footnote added); *see also* Tex. R. Civ. P. 18b(1) (restating
constitutional grounds for disqualification).

Disqualification under the constitution affects the judge's jurisdiction and
power to act and cannot be waived. *Postal Mut. Indem. Co. v. Ellis*, 140 Tex. 570,
169 S.W.2d 482 (1943). Any judicial act or discretion exercised by a judge who is
subject to disqualification pursuant to the constitution is void. *Templeton v.
Giddings*, 12 S.W. 851 (Tex. 1889). The grounds for disqualification of judges stated
in the constitution are exclusive. *Love v. Wilcox*, 28 S.W.2d 515 (Tex. 1930); *see also
Aldridge v. State*, 170 Tex. Crim. 502, 342 S.W.2d 104 (1960); *Berry v. State*, 83 Tex.
Crim. 210, 203 S.W. 901 (1918).

We will discuss each of the three constitutional grounds for disqualifica-
tion: the judge's interest in the case; his relationship with a party in a prohibited
degree; and his having been counsel in the case.

Interest

The term "interest" refers to direct pecuniary interest. *City of Oak Cliff v.
State*, 97 Tex. 391, 79 S.W. 1068 (1904). Some of the early cases on disqualification
for interest address disqualification of the county judge from presiding in a probate
matter. A county judge was disqualified to preside in the probate of a will when he
had previously acted as temporary administrator and had not closed his accounts.
*Burks v. Bennett*, 55 Tex. 237 (1881). His consequent liability to account for his
administration was a disqualifying interest such that removal of the probate
proceeding to the district court was authorized. *Id.* The county judge also had two
small claims against the estate. *Id.* These claims constituted a direct pecuniary
interest in the probate proceeding that disqualified him from serving as probate
judge and rendered invalid orders he had issued before the estate was removed to

---

[3]Section 21.005 of the Government Code provides that a judge may not sit in a case if either of
the parties is related to him by affinity or consanguinity within the third degree. *See also* Tex. R. Civ.
P. 18b(1)(c).

district court. *Burks v. Bennett,* 62 Tex. 277 (1884).[4] A county judge who was named in the will as executor and was a creditor of the estate was disqualified for interest from presiding over the probate proceeding. *Prendergass v. Beale,* 59 Tex. 446 (1883). The judge had also drafted the will, but the court did not rely on that fact in determining that he was disqualified.

Interests other than direct pecuniary interests in a case do not disqualify a judge. *Cameron v. Greenhill,* 582 S.W.2d 775 (Tex. 1979). A judge is not disqualified for having an opinion on the subject matter of the case, or for having knowledge of the facts of the case. *Lombardino v. Firemen's & Policemen's Civil Service Comm'n,* 310 S.W.2d 651 (Tex. Civ. App.--San Antonio 1958, writ ref'd n.r.e.); *Chavarria v. Macias,* 252 S.W.2d 262 (Tex. Civ. App.--San Antonio 1952, no writ). Nor is a judge disqualified for interest from handling the appeal of a case he heard at the trial level. *Beckham v. Rice,* 1 Tex. Civ. App. 281, 21 S.W. 389 (1892, writ ref'd); *see also Hoyt v. Hoyt,* 351 S.W.2d 111 (Tex. Civ. App.--Dallas 1961, writ dism'd w.o.j.).

## Relationship to parties

A judge is disqualified if a party to the proceeding were related to him by affinity or consanguinity within the prohibited degree provided by law. *Gains v. Barr,* 60 Tex. 676 (1884). A "party" is not restricted to persons named as parties, but includes all persons directly interested in the subject matter and result of the suit. *Postal Mut. Indem. Co. v. Ellis,* 140 Tex. 570, 169 S.W.2d 482 (1943). A probate judge will be disqualified if he is related within a prohibited degree to the administrator of an estate, even though the administrator is not named as a party. *Duncan v. Herder,* 57 Tex. Civ. App. 542, 122 S.W. 904 (1909, writ ref'd); *Gains,* 60 Tex. 676. An attorney for a party is ordinarily not a party to the suit so as to disqualify the trial judge. *Winston v. Masterson,* 87 Tex. 200, 27 S.W. 768 (1894); *Canavati v. Shipman,* 610 S.W.2d 200 (Tex. Civ. App.--San Antonio 1980, no writ). *But see Postal Mutual Indemnity Company,* 140 Tex. at 575, 169 S.W.2d at 485; *Sun Exploration & Production Co. v. Jackson,* 729 S.W.2d 310 (Tex. App.--Houston [1st Dist.] 1987, no writ) (rule for attorney in workers compensation cases wherein judge

---

[4]Attorney General Opinion V-79 (1947) determined that a newly-elected county judge who as a private attorney had handled numerous probate matters, many of which were still pending in county court, could continue to act as administrator of estates in county court. The opinion expressly assumed that he had no pecuniary interest in the subject matter over which he presided and did not discuss this aspect of the law or refer to *Burks v. Bennett,* 55 Tex. 237 (1881) or *Prendergass v. Beale,* 59 Tex. 446 (1883).

determines attorney's fee). Thus, the term "parties" in article V, section 11 of the Texas Constitution includes named parties and other persons with a direct pecuniary interest in the suit.

Participation as counsel in the case

Finally, a judge is disqualified for having been counsel in the case. None of the cases construing this portion of article V, section 11 of the Texas Constitution address the circumstances you have inquired about.[5]

The court in *Matlock v. Sanders*, 273 S.W.2d 956 reviewed earlier cases on disqualification of judges for having been counsel in the case, and stated the following rule:

> [I]n order for a trial judge to come within the constitutional and statutory inhibitions against sitting as judge in a case in which he had been counsel, it is necessary that the judge had acted as counsel for some of the parties in suit before him in some proceeding in which the issues were the same as in the case before him.[6]

273 S.W.2d at 958; *see also City of Austin v. Cahill*, 99 Tex. 172, 89 S.W. 552 (1905) (on motion for rehearing); *Lade v. Keller*, 615 S.W.2d 916 (Tex. Civ. App.--Tyler 1981, no writ).[7]

---

[5]*But see Carson v. Blair*, 121 S.E. 517 (Ga. Ct. App. 1923) (judge not disqualified because he drafted contract on which case was founded); *Morrissey v. Gray*, 160 Cal. 390, 117 P. 438 (1911) (judge not disqualified to try action to quiet title to mortgaged homestead where he drafted mortgage). *See generally* Annotation, *Disqualification of Judge*, 72 A.L.R.2d 443 (1960) (disqualification of judge for prior representation as attorney or counsel).

[6]This statement is described as the general rule for civil cases in Kilgarlin & Bruch, *Disqualification and Recusal of Judges*, 17 St. Mary's L. J. 599, 612 (1986).

[7]On some facts, it is clear that the judge had been counsel in the case. Because he had signed and filed pleadings on behalf of parties to a suit, a judge had been attorney in the case and was disqualified from performing any judicial actions in that suit. *Hidalgo County Water Control & Improvement Dist. No. 1 v. Boysen*, 354 S.W.2d 420 (Tex. Civ. App.--San Antonio 1962, writ ref'd); *see also Gaines v. Hindman*, 74 S.W. 583 (Tex. 1903, no writ) (judge prepared motion for new trial). If the judge was a member of a law firm that gave counsel on the matter in litigation, he will be disqualified from trying the case. *State ex rel. Routh v. Burks*, 82 Tex. 584, 18 S.W. 662 (1891) (law firm assisted in organizing a municipal corporation, which the state sought to dissolve). However, if facts show that the

Thus, a judge who acted as attorney for a party in a suit raising identical issues to the one before him is disqualified under the third aspect of the constitutional prohibition. For example, by giving legal advice to one party in a divorce proceeding, a judge was disqualified from trying a subsequent divorce case that raised the same issues between the same parties. *Johnson v. Johnson*, 89 S.W. 1102, 1104 (Tex. Civ. App. 1905, no writ). Although he only gave advice without planning to act any further in the matter as an attorney, he was nonetheless counsel in the case. *Id.* It was not necessary that he either received or expected compensation for his advice. *Id.*

A judge was disqualified from a suit challenging a conveyance of title to land because as a practicing attorney he had written a title opinion on the identical tract of land for the grantor of the deed under which the defendant claimed title. *Williams v. Kirven*, 532 S.W.2d 159 (Tex. Civ. App.--Austin 1976, writ ref'd n.r.e.). Although the grantor was not a party to the suit, the interest of the grantor and defendant were so closely allied as to justify the conclusion that the defendant stood in the place of the grantor, for whom the judge had been counsel. *Id.* While the judge had never advised any of the parties before him, his former client and the defendant were essentially treated as the same person because of their identical interests in this matter.

Another series of cases exemplifies prior contacts with parties or issues that do not disqualify a judge for having been counsel in the case. If his sole prior involvement with the case before him consisted of representing a party in some other matter, or of doing legal work that related to issues in the case before him, but did not involve the same parties, a judge has not been "counsel in the case." A trial judge who has personally prosecuted or defended a defendant in past cases is not disqualified from presiding over a trial where a new offense is charged. *Hathorne v. State*, 459 S.W.2d 826 (Tex. Crim. App. 1970), *cert denied*, 402 U.S. 914 (1971).

A county judge was not disqualified from trying an action for probate of a holographic will because he had previously acted on behalf of the testator and his sole devisee in preparing a promissory note payable to the proponent of the will and secured by a deed of trust. *Lade*, 615 S.W.2d 916. There was no evidence that the testator consulted him about his will. The reviewing court stated that the judge had performed legal services for the parties in a routine real estate transaction and had

---

(footnote continued)

judge left the law firm before it undertook the case, he is not disqualified. *Walker County Lumber Co. v. Sweet*, 63 S.W.2d 1061 (Tex. Civ. App.--Beaumont 1933, writ dism'd w.o.j.).

not acted as counsel for some of the parties in a proceeding raising the same issues as the will contest suit.

In a suit by grantor for cancellation of a deed, the judge was not disqualified because he had, as attorney, drawn the will under which the grantor had received the property, when it was only collaterally involved in the case. *Hooks v. Brown*, 348 S.W.2d 104 (Tex. Civ. App.--Austin 1961, writ ref'd n.r.e.); *see also Conner v. Conner*, 457 S.W.2d 593 (Tex. Civ. App.--Amarillo 1970, writ dism'd) (judge who acted as notary when land deeded from parents to husband was not disqualified to try divorce action and property settlement involving same land).

You inquire about uncontested as well as contested probate proceedings, but the judicial decisions we have cited on disqualification of a judge for having been counsel in the case involve adversary proceedings. Therefore, we must determine whether this ground for disqualification applies only in an adversary proceeding, or to an uncontested probate proceeding as well. This question arises because "case" is frequently defined as a "controversy" or a question contested before a court. BLACK'S LAW DICTIONARY 215 (6th ed. 1990); *see City of Big Spring v. Garlington*, 88 S.W.2d 1095, 1096 (Tex. Civ. App.--Eastland 1935, no writ).

A probate proceeding is, however, a "case" for purposes of determining disqualification for interest under the first sentence of article V, section 11 of the Texas Constitution. *See Burks v. Bennett*, 55 Tex. 237; *Prendergass*, 59 Tex. 446; *see also* Attorney General Opinion WW-1505 (1962) (county judge who is guardian of person and estate of one of unsound mind is disqualified for interest from hearing a matter relating to the guardianship). The same sentence of the constitutional provision also provides for disqualification for having been "counsel in the case." The courts will refer to rules like those governing the interpretation of statutes to construe constitutional provisions. *Booth v. Strippleman*, 61 Tex. 378, 382 (1884). In construing a statutory word, the court may consider the meaning of the same word used elsewhere in the act. *See Hartely v. Langdon & Co.*, 347 S.W.2d 749 (Tex. Civ. App.--Houston [1st Dist.] 1961, no writ). It is reasonable to conclude that the phrase "counsel in the case" includes participation in uncontested probate proceedings.[8]

---

[8]A case from another state held the judge of the county court disqualified from continuing to preside over a non-adversary probate proceeding after he appeared as attorney for the executor in circuit court. *In re Eckhoff's Estate*, 62 S.D. 110, 251 N.W. 892 (1934).

Moreover, Attorney General Opinion V-79 (1947) found that a county judge could be disqualified from uncontested probate matters for having been counsel in the case. It concerned an attorney who had recently become county judge, and who had handled probate matters, many of which were still in court. The opinion set forth the following definition:

> The word "case" as used in the Constitution and this statute means any legal controversy between parties with respect to a matter of fact or of law; any justiciable matter or thing between opposing parties presented for decision; *any proceeding rightly before a judge with respect to any right of the parties, whether legal or equitable*, and whether it involves a property right or a personal right.

Attorney General Opinion V-79 at 3 (emphasis added).

The italicized language in the quotation above includes uncontested matters. Attorney General Opinion V-79 held that the county judge was disqualified from considering applications or matters in the administration of an estate if he had advised the administrator or guardian about that application or matter. We conclude that the third ground for disqualification may apply in an uncontested probate proceeding. Whether the judge is disqualified from presiding over a particular probate matter must be decided by evaluating the relevant facts in that case.

## RECUSAL

Recusal is significantly different from disqualification. It includes "those instances in which a judge voluntarily steps down and those instances in which a judge is required to step down on motion of a party for reasons other than those enumerated as disqualifying in the Constitution." Kilgarlin & Bruch, *Disqualification and Recusal of Judges*, 17 St. Mary's L.J. 599, 602 (1986). Traditionally, whether a judge would comply with a request to step down was a matter solely for his determination. *Langdeau v. Dick*, 356 S.W.2d 945, 959 (Tex. Civ. App.–Austin 1962, writ ref'd n.r.e.).

There is now a procedure for judicial resolution of requests for recusal. Rule 18a of the Texas Rules of Civil Procedure authorizes any party to a legal proceeding to file a motion stating why the judge should not sit in the case. Tex. R. Civ. P. 18a(a). Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign

another judge to the matter. *Id.* 18a(c). The Texas Supreme Court has construed a 1977 amendment to section 6 of former article 200a, V.T.C.S., which prescribed a recusal procedure very similar to the procedure set out in rule 18a. *McLeod v. Harris*, 582 S.W.2d 772 (Tex. 1979).[9] The court concluded that the judge had a mandatory duty to request the assignment of another judge to hear the motion for recusal. *Id.* at 775.

Grounds for recusal are set out in subsection (2) of rule 18b, which provides in part:

(2) Recusal

A judge shall recuse himself in any proceeding in which:

(a) his impartiality might reasonably be questioned;

(b) he has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(c) he or a lawyer with whom he previously practiced law has been a material witness concerning it;

. . . .

---

[9]Footnote 3 in *Mcleod* states that the basis for disqualification of a judge is stated in article V, section 11 of the Texas Constitution and that the constitutional prohibition has been implemented by V.T.C.S. article 15, the Code of Criminal Procedure article 30.01, and canon 3C of the Code of Judicial Conduct. This footnote was initially thought to say that a statute had added grounds for the disqualification of a judge to the constitutional grounds. *See Robb v. Robb*, 605 S.W.2d 390 (Tex. Civ. App.--El Paso 1980, no writ) (questioned but followed this reading of the footnote); Calvert, *Disqualification of Judges*, 47 Tex. B.J. 1330 (1984) (criticizing this reading). However, subsequent cases show that *McLeod* intended no change in the long-standing rule that the constitution prescribes the only grounds for disqualification. *See Manges v. Guerra*, 673 S.W.2d 180 (Tex. 1984); *Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 843 (Tex. App.--Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. denied*, 485 U.S. 994 (1988); *River Road Neighborhood Ass'n v. South Texas Sports, Inc.*, 673 S.W.2d 952, 953 (Tex. App.--San Antonio 1984, no writ).

(g) he or his spouse, or a person within . . . [certain degrees of relationship] is acting as a lawyer in the proceeding.[10]

. . . .

(4) In this rule:

(a) "proceeding" includes pretrial, trial, or other states of litigation;

. . . .

(5) The parties to a proceeding may waive any ground for recusal after it is fully disclosed on the records.

Tex. R. Civ. P. 18b (footnote added).

Rule 18b(2) authorizes a voluntary recusal under the circumstances it sets out. *Dunn v. County of Dallas*, 794 S.W.2d 560 (Tex. App.--Dallas 1990, no writ); *Sun Exploration & Production Co. v. Jackson*, 729 S.W.2d 310 (Tex. App.--Houston [1st Dist.] 1987, no writ). The parties may waive a ground for recusal, either expressly, pursuant to subsection (5) of rule 18b, or by failure to raise it properly under rule 18a. *See* Tex. R. Civ. P. 18b(5) (express waiver); *DeBlanc v. State*, 799 S.W.2d 701 (Tex. Crim. App. 1990), *cert. denied*, 111 S.Ct. 2912 (1991); Calvert, *Disqualification of Judges*, 47 Tex. B.J. 1330 (1984).

We are unable in an attorney general opinion to state when there will be recusal in a probate matter under the circumstances that you have described. A judge's decision to voluntarily recuse himself is a matter for his sole determination. If a party to a proceeding believes that recusal is necessary, he must follow the procedure set out in rule 18a, or waive his ground for recusal. The judge assigned to the matter will decide on the basis of the facts whether recusal is in order. Some of the facts you set out may cause a party to raise an issue of recusal under rule 18b(2),

---

[10]Section 82.064(b) of the Government Code provides that a county judge may not appear and practice as an attorney in any county or justice court except in cases over which the court in which he serves has neither original nor appellate jurisdiction. *See also* Texas Supreme Court, Code of Judicial Conduct, canons 5 pt. F, 8 pt. C (county judge may not practice law in the court on which he serves or act as lawyer in proceeding in which he has served as judge).

but such issues must be resolved on a case-by-case basis in accordance with the provisions of rules 18a and 18b.

The constitution and several statues authorize the assignment of a special judge when the county judge is disqualified, as well as when he is unable to preside for other reasons. *See generally* Attorney General Opinion H-1132 (1978) (appointment of special county judge). Article V, section 16 of the Texas Constitution provides in part:

> When the judge of the County Court is disqualified in any case pending in the County Court the parties interested may, by consent, appoint a proper person to try said case, or upon their failing to do so a competent person may be appointed to try the same in the county where it is pending in such manner as may be prescribed by law.

*See also* Gov't Code §§ 25.0022 (presiding judge of statutory probate courts may assign special judges to county courts exercising probate jurisdiction), 26.012 (appointment of special judge by governor if county judge is disqualified to act in probate matter), 26.021, 26.022 (appointment of special judge in counties which have no county court at law or statutory probate court); Prob. Code § 5 (county court in counties with no statutory court exercising probate jurisdiction may request assignment of judge pursuant to Government Code section 25.0022 or transfer contested probate matter to district court).

Thus, there are various procedures for securing a special judge if the county judge is disqualified, recuses himself, or is unable to preside for other reasons.

## S U M M A R Y

> Article V, section 11 of the Texas Constitution provides for disqualification of a judge from sitting in a case in which he is interested, in which either of the parties is connected with him by a degree of affinity or consanguinity set out in the laws, or in which he has been counsel in the case. A "case" within the third ground of disqualification includes an uncontested probate matter. Whether a judge is disqualified pursuant to article V, section 11 of the Texas Constitution from presiding in a particular probate matter requires a case-by-case determination based on all relevant facts and circumstances.

A judge may voluntarily recuse himself pursuant to rule 18b of the Texas Rules of Civil Procedure. Rule 18a of the Texas Rules of Civil Procedure authorizes any party to a case to move for recusal of the judge. The judge may then voluntarily recuse himself or request the chief administrative judge of the district to appoint a judge to hear the motion for recusal. We are unable to conclude as a matter of law that a particular set of facts would result in a judge's recusal from a probate matter.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General