**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**C. R. McGEE, Appellee.**

No. 3903.

Court of Civil Appeals of Texas.

Waco.

Oct. 26, 1961.

Rehearing Denied Nov. 16, 1961.

···Barnes & ··Barnes, ·Beaumont,· for appellant. ·· · · · · · · · ·

Stephenson & Stephenson, Orange, for appellee.

McDONALD, Chief Justice.

This is a workmen's compensation case. Plaintiff McGee brought suit against defendant Insurance Company to recover compensation for injuries alleged to have been sustained in the course of his employment as an employee of Catalytic Construction Company. Plaintiff alleged total and permanent incapacity as a result of slipping off a crane, "sustaining double hernia and severe and permanent injury to his back." Trial was to a jury which, in answer to special issues, found:

1) Plaintiff sustained injury on 24 February, 1958.

2) Such injury was accidental.

3) Such injury was sustained in the course of plaintiff's employment with Catalytic Construction Company.

4) Such injury produced incapacity to plaintiff.

5) Such incapacity was total incapacity.

6) Such total incapacity commenced on 24 February, 1958.

7) Such total incapacity is permanent.

9) Plaintiff's incapacity is not partial.

14) & 18) Set the wage rate.

19) Provides for payment in a lump sum.

20) Such injury resulted in hernia upon plaintiff.

21) Such hernia appeared suddenly and immediately following the injury.

22) Such injury was accompanied by pain.

23) Such hernia did not exist in any degree immediately prior to 24 February, 1958.

24) Plaintiff's incapacity is not solely caused by hernia.

25) Plaintiff's injuries are not due solely to hernia or to hernias.

26) Plaintiff's incapacity is not due solely to disease.

The Trial Court entered judgment on the verdict, awarding plaintiff compensation for total and permanent disability in the amount of $12,963.

Defendant appeals, contending:

1) The Trial Judge was disqualified to try this case because he was a first cousin to Ward Stephenson, one of plaintiff's attorneys.

2) The Trial Court was without jurisdiction to try the case since more than 20 days elapsed from the time plaintiff filed his notice of appeal with the Industrial Accident Board and the time when he filed a pleading which set up a cause of action.

3) The Trial Court erred in overruling motion to quash the jury, and/or to instruct the jury not to consider remarks made by an attorney in a subsequent case on the docket, to the jury panel, to the effect that there was a great difference in a workmen's compensation case and in an automobile collision case.

4) The findings of total permanent incapacity are supported by no evidence; or alternatively, are against the great weight and preponderance of the evidence.

5) Plaintiff's claim is limited to a hernia since he so limited it in his claim for compensation before the Industrial Accident Board.

We revert to defendant's 1st contention that the Trial Judge was disqualified to try the case since he was a first cousin to Hon. Ward Stephenson, one of the plaintiff's attorneys. Defendant contends that no trial judge should sit in a case if he is connected with either of the parties within the 3rd degree. (Tex.Const. Art. V., Sec. 11, Vernon's Ann.St.; Art. 15, Vernon's Ann.Tex.Civ.St.) And, that in a compensation case the Trial Court's relationship to the plaintiff's attorney is disqualifying, because the Trial Court fixes the amount of the fee to be paid to the plaintiff's attorney. (Postal Mut. Ind. Co. v. Ellis, 140 Tex. 570, 169 S.W.2d 482.)

In the case at bar, plaintiff employed attorney Dryden. Attorney Dryden thereafter engaged the services of attorney Stephenson to assist him in the case. The record reflects that attorney Stephenson was to be paid by attorney Dryden, a fee, based upon the work he performed, and not out of the proceeds of the judgment. The Trial Court awarded ¾ of the recovery to the plaintiff, and ¼ of the recovery to attorney Dryden. There was no award whatsoever to attorney Stephenson. Under the foregoing factual situation we do not think that the cited authorities are applicable, or that the Trial Judge was disqualified. Contention 1 is overruled.

Defendant's 2nd contention is that the Trial Court was without jurisdiction to try the case. Plaintiff filed his original petition within 20 days after filing notice of appeal from the Industrial Accident Board. Plaintiff's 1st amended petition was filed some 7 months thereafter. (Plaintiff's original petition was brief and sketchy but did in our view allege a cause of action). It is defendant's contention here that plaintiff's original petition stated no cause of action and that his 1st amended petition came after the 20 days; and therefore defendant's plea of limitation and jurisdiction should have been sustained. As noted, we think the original petition stated a cause of action, but in any event the original petition was timely filed, and the amended petition stated a cause of action. Jurisdiction of a court attaches upon the filing of a suit in that court. Once jurisdiction attaches, the court has the power to permit pleadings to be amended and new parties to be made. The case, after amended pleadings have been filed and new parties made, stands in the court in so far as jurisdictional questions are concerned, pre-

**362**

cisely upon the same basis as if the original pleadings filed had embraced fully the declarations of the last amendment. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; 11 Tex.Jur. p. 787; Conn v. Campbell, 119 Tex. 82, 24 S.W.2d 813; Indemnity Ins. Co. of North America v. Carrell, Tex.Civ. App., 318 S.W.2d 744 (n. r. e.). Contention 2 is overruled.

■ Defendant's 3rd contention complains of the remarks of an attorney in another case, to the jury panel, which included the jury in the instant case. Such attorney told the panel that his case was an automobile collision case and differed materially from a compensation case. He attempted to explain to the panel some of the differences. The Trial Court gave the jury in the instant case a correct charge, and there is no showing that the remarks of the attorney in the other case had any effect on the jury whatsoever. Moreover, our reading of the remarks themselves leads us to say they were substantially correct statements, and could have in no manner caused harm in the case at bar. See Rule 434, Texas Rules of Civil Procedure. Contention 3 is overruled.

■■ Contention 4 is that the findings of total and permanent incapacity of plaintiff are supported by no evidence, and/or are against the great weight of the evidence. While the evidence is conflicting, the plaintiff himself testified that he could not get or hold a job doing all around pursuits of a working man; that he suffered continuous pain which working aggravated. The testimony of Dr. Fertella and Dr. Catalana likewise supports the jury's findings. Contention 4 is overruled.

Defendant's 5th contention is that plaintiff's claim is limited to a hernia (26 weeks' compensation plus an operation), since he so limited his claim for compensation before the Industrial Accident Board. Plaintiff made his claim to the Board under the provisions of Sec. 12b, Art. 8306, the hernia provision, and was denied all relief. He had an operation and paid for it himself. Under such facts, defendant insurance carrier did not avail itself of Sec. 12b, Art. 8306. Defendant was put to an election to either admit liability for a hernia injury and offer an operation, or run the risk of being held liable for general injuries. Defendant here denied liability and tendered no operation, and is thus subject to suit for general injuries. Great Am. Ind. Co. v. Gravell, Tex.Civ.App., 297 S.W.2d 371 (n. w. h.); Consolidated Cas. Ins. Co. v. Ray, Tex.Civ. App., 267 S.W.2d 880 (n. r. e.); Tally v. Tex. Emp. Ins. Ass'n, 129 Tex. 134, 102 S.W.2d 180; National Mut. Cas. Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089; Associated Ind. Corp. v. Kujawa, 153 Tex. 314, 268 S.W.2d 122. Contention 5 is overruled.

All of defendant's points and the contentions thereunder made have been carefully considered and are overruled.

The judgment of the Trial Court is affirmed.