INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Petitioner

v.

C. R. McGEE, Respondent

No. A-8747. Decided April 4, 1962
Rehearing Denied May 16, 1962
356 S.W. 2d 666

*Barnes & Barnes,* Beaumont, for petitioner.

*Stephenson, Stephenson & Thompson,* Orange, for respondent.

JUSTICE HAMILTON delivered the opinion of the Court.

This is a suit brought by plaintiff (respondent here) under the Texas Workmen's Compensation Act to set aside an award of the Industrial Accident Board. The trial court set aside the award and entered judgment for the plaintiff finding him totally and permanently disabled and awarding compensation of $13,-651.55. The insurance carrier appealed to the Tenth Court of Civil Appeals, and the judgment of the trial court was affirmed. 351 S.W. 2d 359.

The plaintiff's injury resulted from his slipping or jumping off a crane while he was working on a construction job. The evidence is disputed as to whether this slip or fall caused only a hernia or a combination hernia and back injury. These facts, however, are immaterial, as this opinion turns on defendant's (petitioner's) first point of error, which is:

"The Court of Civil Appeals erred in affirming the Trial Court's action in ruling that the Judge was not disqualified to preside over the trial of this case, wherein the trial judge was required to fix the attorney's fees, and he was a first cousin of Respondent's counsel."

The facts pertinent to this point of error were brought out

in a hearing on motion for new trial. The record shows that the plaintiff hired Woodson E. Dryden to represent him in this case. Mr. Dryden appeared in behalf of the plaintiff before the Industrial Accident Board and he also filed plaintiff's original petition in the 128th Judicial Distrct Court, Orange County, Texas. At this point in the proceedings Mr. Dryden employed Mr. Ward Stephenson to handle the case.

It is an undisputed fact that Ward Stephenson and the trial judge are related within the third degree of consanguinity, as they are first cousins.

Mr. Stephenson filed the first, second and third amended original petitions for the plaintiff. Mr. Stephenson and his law partner, Mr. Marlin Thompson, conducted the plaintiff's case before the trial judge. However, the final judgment awarded one-fourth of plaintiff's recovery to Mr. Woodson Dryden only.

In the hearing on motion for new trial, Mr. Stephenson testified that there was no specific agreement between Mr. Dryden and himself as to fees. However, he indicated he would submit a statement of his fee to Mr. Dryden when the case was completed. He stated, "* * * [W]hatever charges I made is the way we customarily do, to take into consideration the success, likewise, of the litigation and if we are successful in any case, we feel that we would be in a position to take that into consideration in assessing our charges."

■ The issue to be decided in this case is whether plaintiff's attorney, Ward Stephenson, is a "party" to that suit within the meaning of Article V, Sec. 11, Constitution of Texas, and Article 15, Vernon's Texas Civil Statutes. Article 15 states:

"No judge or justice of the peace shall sit in any case wherein he may be interested or where either of the parties may be connected with him by affinity or consanguinity within the third degree, or where he shall have been counsel in the case. Const. Art. 5, Sec. 11."

■ This Court held in the case of Postal Mutual Indemnity Co. v. Ellis, 140 Texas 570, 169 S.W. 2d 482, that the plaintiff's attorney in a workmen's compensation case is a party to the suit. This decision was reached primarily because of the provision in Article 8306, Sec. 7d, Vernon's Texas Civil Statutes, which requires the judge to award the attorney's fees out of the plaintiff's recovery. That opinion said:

"*  *  *  *  * The record discloses that the plaintiff and his attorney by their pleadings invoked the jurisdiction of the court for the decision of that issue (attorney's fees). The attorney was directly interested in the decision of the question. He was one of the contending parties as against the employee as to the value of the services rendered by him and the amount of the fee to be allowed therefor, and it was within the power of the judge to favor him in the decision of that question. It can hardly be said that he was not a party to and directly interested in the controversial issues thus presented. *  *  *  *  *"

See also Texas Employers' Insurance Ass'n v. Scroggins, 326 S.W. 2d 606 (no writ hist.).

The Court of Civil Appeals does not quarrel with this reasoning, but in essence holds that Ward Stephenson was not a party to this suit because he was *not* the plaintiff's attorney. Rather, the Court of Civil Appeals looked upon Mr. Stephenson as an employee of Mr. Woodson E. Dryden, plaintiff's original attorney. It overruled the point of error now before us because it felt the evidence in the record reflected that Dryden employed Stephenson for a fee based on work performed, and that the final judgment awarded one-fourth of the recovery to Dryden and not Stephenson. Thus, the court reasoned that Stephenson was not a party to the suit.

Paragraph 9 of Plaintiff's Third Amended Original Petition on which this suit was tried states:

"The plaintiff says that he has employed the attorneys whose names are signed to this petition to represent him in this behalf and has contracted to pay said attorneys such fee as the court may allow, not to exceed one-third of the recovery herein.

*  *  *  *  *  *

"STEPHENSON AND STEPHENSON
"WOODSON E. DRYDEN

"By    /S/    Ward Stephenson

"Attorneys for Plaintiff
"Stephenson Building
"Orange, Texas"

These pleadings and the actual trying of the lawsuit by Ward Stephenson made it conclusive that he was the attorney for the plaintiff, and a party to the suit. It is not material that the trial

court's judgment did not award attorney's fees to Ward Stephenson. What is material is that under the pleadings it was within the power of the trial judge, but for his disqualification, to have entered judgment awarding attorney's fees to Ward Stephenson.

By this holding we do not intend to cast a shadow upon the trial judge. We have no doubt that the trial judge's integrity is of the highest. However, as Chief Justice Willie stated in the case of Hodde v. Susan, 58 Texas 389, 394, "It was the object of the Constitution to place judicial officers beyond the temptation which such circumstances would throw in their way."

The judiciary must not only attempt to give all parties a fair trial, but it must also try to maintain the trust and confidence of the public at a high level. Article 15 is one aid in accomplishing these aims. This is aptly expressed in the case of Newcome v. Light, 58 Texas 141, 145, where this court quotes from the New York Court of Appeals case of Oakley v. Aspinwall, 3 Comst. 547, which says:

" '* * * the first idea in the administration of justice is, that a judge must necessarily be free from all bias and partiality. * * * Mankind are so agreed in this principle, that any departure from it shocks their common sense and sentiment of justice. * * * Partiality and bias are presumed from the relationship or consanguinity of a judge to the party. This presumption is conclusive and disqualifies the judge. * * * Where no jurisdiction exists by law it cannot be conferred by consent, especially against the prohibitions of a law which was not designed merely for the protection of the party to a suit, but for the general interest of justice. It is the design of the law to maintain the purity and impartiality of the courts, and to insure for their decisions the respect and confidence of the community. Their judgments become precedents which control the determination of subsequent cases; and it is important in that respect that their decisions should be free from all bias. After securing wisdom and impartiality in their judgments, it is of great importance that the courts should be free from reproach or the suspicion of unfairness. The party may be interested only that his particular suit should be justly determined; but the state, the community, is concerned not only for that, but that the judiciary shall enjoy an elevated rank in the estimation of mankind.' "

■ It is our opinion that Ward Stephenson is plaintiff's attorney in this workmen's compensation case and is a party to this suit

as contemplated in Article 15, Vernon's Texas Civil Statutes. Therefore, the judge of the trial court was disqualified to hear this cause.

The judgment of the Court of Civil Appeals is reversed, and the cause is remanded for new trial.

Opinion delivered April 4, 1962.

JUSTICE SMITH, concurring.

The trial judge was disqualified. The judgment he entered in this case was void. Postal Mutual Indemnity Co. v. Ellis, 140 Texas 570, 169 S.W. 2d 482. This being true, all proceedings were a nullity. Any judgment rendered, regardless of whether for the plaintiff or defendant, should have been set aside and held for naught. The judgment cannot be void as to one party and only voidable as to the other.