**Jesus Martinez GAMEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00287–CR.**

Court of Appeals of Texas, San Antonio.

Dec. 8, 1982.

Rehearing Denied Jan. 10, 1983.

Discretionary Review Refused March 30, 1983.

David Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Alan Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before KLINGEMAN, BUTTS and CLARK, JJ.

REEVES, Justice.

■ Appellant was found guilty of capital murder, and the punishment assessed at life imprisonment. Appellant raises for the first time in a supplementary brief, that Honorable Roy Barrera, Jr., the trial judge, participated in the preparation of this case while serving the State as an assistant criminal district attorney. Although no motion questioning the qualifications of the trial court was brought to his attention, the issue of disqualification of the judge involves the jurisdiction of the court to act and should be considered by us in the interest of justice. *Lee v. State,* 555 S.W.2d 121, 122 (Tex.Cr.App.1977). The Texas Constitution provides in part, the following:

No judge shall sit in any case ... when he shall have been counsel in the case or. . . .

Tex. Const. art. V, § 11 (Vernon 1955).

In addition, the Code of Criminal Procedure states that:

No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree.

Tex.Code Crim.Pro.Ann. art. 30.01 (Vernon 1966).

If the trial judge participated in any manner in the preparation and investigation of the case when he was a prosecutor, he would be a counsel for the State and hence disqualified. *Lee v. State,* 555 S.W.2d 121, 124–25 (Tex.Cr.App.1977); *Prince v. State,* 158 Tex.Cr.R. 65, 252 S.W.2d 945, 946 (1952).

■ The transcript reveals that on March 23, 1979, the State made the following announcement:

Now comes the State of Texas by and through its criminal district attorney and announces ready for trial in the above styled numbered cause.

(Signature) Roy R. Barrera, Jr.
Assistant Criminal District Attorney
Bexar County, Texas

When the State announces ready and there is no challenge to this announcement, it is presumed that the State is adequately prepared and ready for trial. *Fraire v. State,* 588 S.W.2d 789, 791 (Tex.Cr.App.1979); *Barfield v. State,* 586 S.W.2d 538, 542 (Tex. Cr.App.1979).

■ However, the sole indication of the judge's prior participation in this case is found in the aforementioned State printed announcement of ready form which was filed nine days after appellant was indicted. The court's docket sheet reflects that the State's attorneys in the cause were Susan Reed and Paul Canales. The name of still another assistant criminal district attorney, Keith W. Burris, appears on the State's second motion for psychiatric evaluation of appellant, which was filed April 17, 1979, nearly a month after the State's announcement of ready.

We simply do not know whether the signature of Judge Barrera is a reflection of "participation in the preparation and investigation of this case" or not, especially in view of the indications in the record that others actually represented the State in this cause.[1] Indeed, the record suggests that the often-heard assertion that the State's quick announcements of ready in criminal

---

**1.** Although it cannot be determined conclusively from the copy of the transcript before us, which is in photocopy form, it appears that the signature on the State's announcement of ready may be a stamped facsimile rather than an original signature.

cases are made automatically and without regard to the State's actual readiness at trial, may sometimes be well founded. This conduct, if true, makes a sham of the Speedy Trial Act, Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon 1981), and the trial court should not tolerate it.

The appeal is abated and the cause is remanded for an evidentiary hearing, to be conducted by another judge, on the question of Judge Barrera's disqualification.

BUTTS, Justice, dissenting.

I do not agree that remanding this case for an evidentiary hearing will serve a useful purpose. In *Lee v. State,* 555 S.W.2d 121 (Tex.Cr.App.1977), that evidentiary hearing resulted from the challenge to the qualifications of the trial judge raised at the trial itself. Logic dictated such a hearing then, especially since the motion to disqualify was based upon a *letter* written by the trial judge when he was chief of trial division of the district attorney's office. The trial judge stated he had no independent recollection of the case but had relied upon the prosecutor's assessment of the case when he wrote the letter to the defense counsel stating he could make no recommendation less than life in Lee's case. The trial judge determined he was qualified.

The *Lee* court reversed the case and held the record reflected the trial judge had been of counsel for the State and had participated as such in the case while serving in his official capacity on the district attorney's staff.

In the present case what the then assistant district attorney, now the trial judge, did was to sign his name in his official capacity as counsel for the State to a *pleading.* Whether he *tried* the case or participated at trial does not matter. The same is true of any assistant district attorney who signed the State's motions in the case but did not participate in the trial. Further, the fact that a "stamp" of the State attorney's signature may have been used does not matter. This was a pleading upon which all parties in the case relied. The

fact that the pleading was an announcement of the State that the State was "ready" for trial in the case signifies that it was relied upon by the State to protect its position. Just as importantly the appellant could not raise the defense that the State was not ready for trial, which defense was now made automatically unavailable by the very pleading.

Whether the evidentiary hearing reveals that the trial judge does or does not remember signing his name to the pleading of the State, or whether he remembers or does not remember authorizing the use of his stamped signature, the reality is he acted in his official capacity as counsel for the State and all parties relied upon this pleading, which in conjunction with the other pleadings in the case, the indictment, motions and any other instruments filed by the parties, joined the issue for trial.

It is my belief that the trial judge was disqualified to conduct the instant trial in the face of article 5, § 11 of the Texas Constitution and article 31.01 of the Texas Code of Criminal Procedure. An evidentiary hearing will not change the *pleading.* Because of the participation by the trial judge as counsel for the State, the trial court had no jurisdiction of this case. The judgment rendered must be declared a nullity and void. *Lee v. State, supra,* at 124, and the cases cited therein. Therefore, I respectfully disagree with the majority's disposition of the case.