NO. 07-11-0187-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 12, 2012
_____

TERRY BLANKENSHIP,

Appellant

v.

BRAD LIVINGSTON; RICK THALER; THE STATE OF TEXAS,
THE TEXAS BOARD OF PARDONS AND PAROLES; THE
TEXAS DEPARTMENT OF CRIMINAL JUSTICE;
CORRECTIONAL INSTITUTION DIVISION; POTTER COUNTY
DISTRICT CLERK, CAROLINE WOODBURN,

Appellees
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 98,395-E; HONORABLE DOUGLAS R. WOODBURN, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and HANCOCK, and PIRTLE, JJ.

Terry Blankenship, a Texas inmate, (Blankenship) appeals an order dismissing his suit with prejudice under chapter 14 of the Texas Civil Practice and Remedies Code. We reverse the order of dismissal.[1]

---

[1]We note that none of the appellees favored us with a brief.

Among the several defendants sued was Caroline Woodburn, Potter County District Clerk. Ms. Woodburn is married to Douglas R. Woodburn, district judge for the 108th Judicial District. Furthermore, the order dismissing Blankenship's suit against Ms. Woodburn and others was signed by Judge Woodburn. Given that Judge Woodburn was related to one of the parties within the third degree of affinity, he was disqualified from presiding over the lawsuit. TEX. CONST. ANN. art. V, § 11 (Vernon 2007) (stating that no judge shall sit in any case wherein a party may be connected to him within the third degree of affinity); TEX. R. CIV. P. 18b(1)(c) (stating the same). Thus, Judge Woodburn had no jurisdiction to execute the order he did. *Gulf Marine Warehouse Co. v. Towers*, 858 S.W.2d 556, 559 (Tex. App.–Beaumont 1993, writ denied). And, that this situation was first broached on appeal matters not given the jurisdictional nature of the error. *Id.* at 560 (stating that disqualification may be raised at any time).

Accordingly, we reverse the trial court's order of dismissal and remand the cause.

Brian Quinn
Chief Justice

2