Dave D. Greer 1829754
Wayne Scott Unit
6999 Retrieve Rd
Angleton Tx 77515

41,804-02

Oct. 3, 2015

Court of Criminal Appeals Clerk
Mr. Abel Acosta,
Supreme Court Bldg
201 W. 14St RM 106
Austin Tx 78701-1445

RE: Ex Parte Dave D. Greer, Writ #12-03324-CRF-272-A

MOTION DENIED
DATE: 10-28-15
BY: P.C.

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 08 2015

Abel Acosta, Clerk

Mr. Acosta,
Please find Enclosed for filing in the Cause # My Motion Entitled: Applicant's Motion to Recuse And Disqualify The Honorable Judge Travis Bryan III From Any And All Proceedings Dealing with Applicant's 11.07 Habeas Corpus.

Please file this Motion in the Above Numbered Cause.

Thank You for Your Assistance in these Matters.

Respectfully Submitted

Dave D Greer
DAVE D GREER

This document contains some
pages that are of poor quality
at the time of imaging.

WRIT NO. 12-03324-CRF-272-A

EX PARTE

§ IN THE COURT OF CRIMINAL DISTRICT

§ 272nd JUDICIAL DISTRICT

DAVE D. GREER

§ BRAZOS COUNTY, TEXAS

APPLICANT'S MOTION TO RECUSE AND DISQUALIFY THE HONORABLE JUDGE TRAVIS BRYAN III FROM ANY AND ALL PROCEEDINGS DEALING WITH APPLICANT'S 11.07 HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAVE DUANE GREER, Applicant herein and in support of this motion will show this Honorable Court the following:

I.

Right before the jury was sworn in, during a hearing in open court, concerning the fact that trial judge TravisBryan III, had previously represented applicant in a criminal case as a defense attorney, His representation (was unsuccessful) as hisrepresentation resulted in Applicant being convicted. TravisBryan III stated for the record "and if either side wants me off the case, I'll willingly recuse myself..." Vol. 4 P.8 L.12-13.

Applicant was of the belief that when he filed his original application of habeas corpus 11.07 which cited numerous allegations of unconstitutional violations and improprieties of TravisBryan III himself during and before trial even began concerning his actions andinactions by personally violating mandatory statutes, as well as known rules of evidence and procedures. Applicant also alleged in grounds of errors 18-19 in his habeas application that judge Bryan allowed the prosutor in open court on the record to commit a blatant criminal offense (Tex.P. Code 2.01) (See Vol 4 Page 165 L.14-15 "It does not have to be beyond a reasonable doubt...") which unambiguously denied Applicant a fair trial. Additionally Applicant alleged with a supporting affidavit that judge Bryan had extensive secret ex parte communication with the deliberating

1

jury. This is in effect asking the judge to openly and impartially allow Applicant to further develop the record to provide additional evidence that he abused his discretion, violated numerous rules, regulations and statutorally mandated procedures. To further develop the record the judge himself would be forced to voluntarily testify against himself and provide additional sworn evidence that he both violated all the aforementioned rights of Applicant but why he allowed the prosecutor to tell the jury during closing areguments that the proof did not have to be beyond a reasonable doubt. Then recommending that his actions and inactions denied Applicant a fair trial. Essentially Judge Bryan is being placed in a position to set himself up to personally develop the record to be used to verify his acts of judicial misconduct , possible revomal from the bench, or the public becomming aware of these acts of misconduct lossing reelection due to lossing public trust. To say as a drastic understatement Judge Bryan 's impartiality is highly questioable. Also it's now beyond controversy that judge Bryan has a crucial persional interest in the outcome of the subject matter of this proceeding. As such he has a personal biasness and prejudice in influencing the out come of these proceeding. See In re Chaves, 130 S.W.3d 107,112 (Tex.App.-El Paso 2003):

> "Disqualification of a judge can not be waived, even by consent of the parties, and the issue may be _____ raised at any time. Gamez ]v. State, 737 S.W.2d 315 (Tex.Crim.App. 1987[ 737 S.W.2d at 319. FOOTNOTE 2: Rule 18b(2) providesthe verious grounds for recusal, which include requiring a judge to recuse himself in any proceeding in which (a) his impartiality might reasonably be questioned, and (b) he has a personal bias or prejudice concerning the subject matter or a party, or personal knowlwdge of disputed evidentiary facts concerning the proceeding.

The courts have further held that even when a judge's impartiality might reasonably be questioned he should recuse himself. Gulf Maritime Warehouse Co. v. Towers, 858 S.W.2d 556,558 (Tex. App.-Beaumont 1993):

> "Regarding disqualification of a judge, we have two bases of consideration. First, is TEX.CONST.art. V §11 which states as follows: Sec. 11 No judge shall sit in any case wherein hemay be interested),...' At 559 "Having a

2

pecuniary or financial interest is certainly of foremost consideration. There are other concerns however which have been addressed by Justice Spears concerning comments in Sun Exploration and production Co. v. Jackson, 783 S.W. 2d 202, 206 (Tex.1989); Public policy demands that the judge who sits in a case act with absolute impartiality. Pendergrass v. Beale, 59 Tex.446,447 (1883). Beyond the demand that a judge be impartial, however, is the requirement that a judge appear to be impartial so that no doubts or suspicions exist as to the fairness or integrity of the court.. Aetna Life Ins. Co. v. Lavore, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986); Marshall v. Jerrico, Inc., 446 U.S. 238, 100 S.Ct. 1610, 64 L.Ed. 2d 182 (1980). The judiciary must strive not only to give all parties a fair trial but also to maintain a high level of public trust and confidence. Indemnity Ins. Co. v. McGee, 163 Tex. 412, 356 S.W.2d 666, 668 (Tex. 1962). The legitimacy of the judicial process is based upon the public's respect and its confidence that the system settles controversies impartially and fairly. Judicial decisions rendered under circumstances that suggest bias, prejudice, or favoritism undremine the integity of the court's, breed skepticism and mistrust, and thwart the very priciples on which the judicial system isbased. The judiciary must be extremely diligent in avoiding any appearance of impropriety and must hold itself to exacting standards lest it lose its legitimacy and suffer a loss of public confidence. Although the court ..."

TEX. R.CIV.PROC. RULE 18b Grounds for Recusal and Disqulification of judges:

"(a) Groundsfor Disqualifications. A judge must disqualify in any proceeding in which;
(2) the judge knows that, individually or as a fiduciary, the judge has an interest in the subject matter in controversy; or
(3)(b) Groundsfor recusal. A judge must recuse in which:
(1) the judge's impartiality might resonably be questioned;
(2) the judge has a personal bias or prejudiceconcerning the subject matter or party;
(3)... the judge has personal knowledgeof disputed evidentiary facts concerning the proceeding:.

The judge can no more be expected to admit his own incopetency than a a trial attorney can be expected to file a direct appeal and admitt his own incompetecy. This is the very reason that after a trial a new and different attorney is appointed to to prepare and file the direct appeal. Alston v. Garrison. 720 F.2d 812,816 (4th Cir.1983)("The content of an appeal is heavily controlled by counsel, and where as here, the defendant's trial lawyer also prosected the appeal, it isobviousthat ineffective assistance of counsel is not likely to be raised at trial or to appear among the assignments of constitutional error.").

3

## II.

In support of Applicant's belief Judge Bryan willingness to recuse himself when placed in a questionable situation, is the VERY FIRST RULING OF THE COURT which was issued on July 6, 2015 Court Order that Designated "Issues of Fact To Be Resolved." That was signed by the Honorable Kyle Hawthorn As "Presiding Judge" which is another District Judge. Applicant naturally believed the judge Bryan had voluntarily recused himself because it was obvious from a quick reading of applicant's 11.07 that judge Bryan could not impartially decide whether his own conduct violated Applicant's right to a fair trial.

## III.

Judge Hawthorn ordered Both Trial Counsel and appellant Counsel to submit affidavits by no later than Oct. 6, 2015. He also ordered the District Clerk of Brazos County to withhold preparing and transmitting the record to the Court Criminal Appeals until further order of this court.

Just image Applicant's shock and awe, when over a month prior to the aforementioned attorneys' affidavits being received, he instead received on August 24, 2015 an "Order To Transmit Habeas Corpus Records,:" signed by Travis Bryan III. This order was dated August 17, 2015 which included amazingly that there now miraculously existed no factual issues requiring an evidentiary

hearing and have heard the applicant and considered, this court magically hereby orders the District Clerk of Brazos County to prepare and transmit the record herein to the Court of Criminal Appeals with the recommendations that the application be DISMISSED," Signed by Travis Bryan III JUDGE PRESIDING.: For suRE this new order served the best interest of Judge Bryan.

## IV.

For sure we know action speaks loud?? than words. Judge Bryan appered out no where to totally clam shut any chance that Applicant might have had to be granted

4

his due process right to develop the factual bases of the facts that are presently outside the record.

## V.

Judge Bryan's self serving order is extremely inadequate to serVe the intended purpose in a habeas proceedings, as decided by the U.S. Supreme Court, the Honorable Fifth circuit and Texas highest Court "Court of Criminal Appeals." Each mandates that when an applicant files his collateral attack on his criminal conviction, the initial task is to "determine whether [his] allegations, if proven would establish the right to habeas relief." If so he is entitled to an evidentiary hearing to further develop these factual basis with facts outside the record. Ex Parte Beyna, 701 S.W.2d 921 (Tex.Crim.App.1986); Streetman v. Lynaugh, 812 F.2d 950,956 (5th Cir.1987); Townsend v. Sain, 83 S.ct. 745, 756 (1963). Judge Bryan's highly controvresial and obvious self serving order does simply question his impartially but SCREAMSLOUDLY "I'll do everthing in my power to both cover up my illegal actions and prevent anyone else from discovering them and developing a record proveing them.

I, DAVE D. GREER TDCJ-ID #1829754, incarated in the Texas Deratment of C riminal Justice Institutional Division at the Wayne Scott Unit, in Brazoria County, Texas declar under the penalty ) of perjury that the facts within this motion are true and correct.

My birthday is  \12-22-66

EXECUTED on this  3ᵈ  day of October, 2015..

UNDER both Federal Law 28 U.S.C. §1746 and State Law V.A.C.CIV. PROC. & Rem. Code §132.001-132.003.

WHEREFORE, PREMISES CONSIDERED, Applicant prays this motion in all things be granted, that this motion be assigned to the presiding administrative judge, then an order be issued that Judge Bryan be disqualified and ordered

5

recused, also that any and all orders signed or issued by him are hereby null and void. Then grant Applicant any other or addittional relief he is justly entitled to, it is so prayed.

Respectfully submitted,

Dave D. Greer #1829754
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, Texas 77515

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion has been sent to all parties in this cause by addressing a copy to: District Attorney, Mr. Jarvis Parsons, 300 E. 26th Street, Suite 310, Bryan, Texas 77803; The Brazos Co. District Clerk, Marc Hamlin, 300 E. 26th St., Suite 1200, Bryan, Texas 77803; The Second Administrative Judicial District Presiding Judge Olen Underwood, 301 N. Thompson St. Ste. 102, Conroe, Texas 77301; The Honorable Judge Travis Bryan III, 300 E. 26th St. Ste. 204, Bryan, Texas 77803; The District Clerk of the Court of the Criminal Appeals, Abel Acosta, Supreme Court Bldg, 201 W.14th St. Rm 106, Austin, Texas 78701-1445, by placing a copy of the same in the U.S. Mail postage prepaid on this 3rd day of October, 2015.

Dave D. Greer

6