REJECTED PURSUANT TO RULE 79.2(C)
COURT OF CRIMINAL APPEALS

November 5, 2015

ABEL ACOSTA, CLERK

PD-0173-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/5/2015 3:37:19 PM
Accepted 11/5/2015 3:43:52 PM
ABEL ACOSTA
CLERK

CASE NO. PD-0173-15

In the Court of Criminal Appeals
Austin, Texas

GORDON RAY LEWIS

Petitioner

V.

STATE OF TEXAS

Respondent

Appealed from the Second Court of Appeals
Fort Worth, Texas

Court of Appeals Cause No. 02-13-00367-CR

---

## MOTION FOR REHEARING OF PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

NOW COMES Gordon Ray Lewis, petitioner, who makes and files the following motion for rehearing of his petition for discretionary review refused by the Court on October 14, 2015, and in support thereof would respectfully show:

## ARGUMENT

I. **As the court of last resort for criminal matters, the Court should hear and decide cases like this one which, although it arises from unusual circumstances, provides provides a unique opportunity to establish precedent for future cases.**

In this case, Gordon Ray Lewis was tried before the same judge his mother was convicted of threatening to kill because of his indictment. Counsel for petitioner has been unable to find a similar factual scenario in cases from Texas or other jurisdictions. Even so, the guarantee of fundamental fairness under the Due Process Clause[1] and the state constitution's due course of law clause, as well as Tex. R. Civ. P. 18b(b)(1)'s mandate that a judge be recused where his impartiality might reasonably be questioned, is still very real and applicable to the case at bar.

These questions are fact intensive and must be decided on a case by case basis. But the Court's refusal to order full briefing by the parties on the Court's refusal order stands that rule on its head because without review, there can be no case by case basis. Instead the Court's action allows this important issue to be swept under the rug by an unpublished court of appeals opinion.

---

[1] U.S. CONST. AMEND. XIV; TEX. CONST. Art. I § 19.

Lewis contends that he is entitled to a new trial because of the administrative judge's failure to recuse Judge Walton. It goes without question that the state disagrees. Ultimately this Court may decide after full briefing and possible argument that Lewis not entitled to a new trial. But at least this Court will have further delineated the parameters of Rule 18b.

## II. Whether Lewis received a fair trial in a fair tribunal, as a basic requirement of due process, is a question of importance justifying this Court's attention.

This Court has held that due process requires a neutral and detached hearing body or officer.[2] This is precisely the same principle embraced by the United States Supreme Court when it held that "[i]t is axiomatic that '[a] fair trial in a fair tribunal is a basic requirement of due process.'"[3] As the Supreme Court recognized,

> [S]uch a stringent rule may sometimes bar trial by judges who have no actual bias, and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way 'justice must satisfy the appearance of justice' *Offutt v. United States,* 348 U.S. 11, 14 (1954).[4]

---

[2] *Brumit v. State*, 206 S.W.3d 639, 644 (Tex. Crim. App. 2006), *citing Gagnon v. Scarpelli,* 411 U.S. 778, 786 (1973).

[3] *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 876 (2009). *Cf. In re Murchison*, 349 U.S. 133, 135 (1955)( "'Every procedure which would offer a possible temptation to the average man as a judge…not to hold the balance nice, clear and true between the state and the accused denies the latter due process of law.'"), quoting *Tumey v. Ohio*, 273 U.S. 510, 532 (1927).

[4] *In re Murchison*, 349 U.S. at 135.

Lewis' mother was convicted of retaliation and sentenced to six years because she threatened Judge Walton after Lewis was indicted.[5] The Court can take judicial notice of the nature of the charges against Karen Adams and the ultimate fact of her conviction.[6]

The provisions of Rule 18b apply in both civil and criminal cases.[7] For this reason the Court should heed Justice Spears' eloquent comments regarding the importance of the policies underlying recusal based on the policies of fairness and impartiality:

> Public policy demands that the judge who sits in a case act with absolute impartiality. *Pendergrass v. Beale,* 59 Tex. 446, 447 (1883). Beyond the demand that a judge *be* impartial, however, is the requirement that a judge *appear to be* impartial so that no doubts or suspicions exist as to the fairness or integrity of the court. *Aetna Life Ins. Co. v. Lavoie,* 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986); *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980). The judiciary must strive not only to give all parties a fair trial but also to maintain a high level of public trust and confidence. *Indemnity Ins. Co. v. McGee,* 163 Tex. 412, 356 S.W.2d 666, 668 (Tex.1962). The legitimacy of the judicial process is based on the public's respect and on its confidence that the system settles controversies impartially and fairly. Judicial decisions rendered under circumstances that suggest bias, prejudice, or favoritism undermine the integrity of the courts, breed skepticism and mistrust,

---

[5] *Adams v. State,* 2015 WL 505143 (Tex. App.—Fort Worth, pet. denied) (not designated for publication).

[6] *See Huffman v. State*, 479 S.W.2d 62, 68 (Tex. Crim. App. 1972); *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987) (en banc); *ex-parte Flores*, 537 S.W.2d 458 (Tex. Crim. App. 1978) (court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties).

[7] *Arnold v. State,* 853 S.W.2d 543, 544 (Tex. Crim. App. 1993).

and thwart the very principles on which the judicial system is based. The judiciary must be extremely diligent in avoiding any appearance of impropriety and must hold itself to exacting standards lest it lose its legitimacy and suffer a loss of public confidence. Although the court reverses the trial court's judgment, it remains silent on the recusal question and thus fails to cure the perception of unfairness.[8]

Simply put, Lewis' mother was convicted of threatening to harm or kill Judge Walton because Lewis was indicted for murder. Even though Judge Walton correctly referred the recusal motion to the administrative judge, the fact remains that because of the administrative judge's decision Lewis was tried for capital murder before the same judge his mother threatened to kill for indicting him. If that does not describe a situation where a judge's impartiality "might reasonably be questioned", then what does?

Judge Walton's "actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."[9] In this situation, "what matters is not the reality of bias or prejudice but its appearance."[10] If that notion, either embodied in Texas Rule of Civil Procedure 18b(b)(1) or in the more fundamental notions of federal and state constitutional due process, means

---

[8] *Sun Exploration and Production Co. v. Jackson,* 783 S.W.2d 202, 206 (Tex.1989)(Spears, J., concurring).

[9] *Nichols v. Alley*, 71 F.3d. 347, 351 (10th Cir. 1995).

[10] *Litekey v. U.S.* 510 U.S. 540, 548 (1994).

anything at all beyond mere lip service the Court should grant review on this important issue, even if the ultimate result is to affirm Lewis' conviction.

WHEREFORE, PREMISES CONSIDERED, Gordon Ray Lewis prays that his motion for rehearing of his petition for discretionary review in the above styled and numbered cause be granted as to the specific question of whether he was entitled to recusal of Judge Ralph H. Walton, Jr. at trial. Lewis further prays that his petition for discretionary review be granted and that the Court allow full briefing on the issue and that upon hearing in this matter by the Court his judgment of conviction be reversed and the case remanded for a new trial.

Respectfully submitted,

By: /s/ *Michael W. Minton*
      MICHAEL W. MINTON
      State Bar No. 14194550

      THE LAW OFFICES OF
      MICHAEL W. MINTON, P.L.L.C.
      6100 Western Place, Suite W0541
      Fort Worth, Texas 76107
      mminton@mintonlaw.com
      Telephone: 817-377-9200
      Facsimile:  817-377-9201

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2015, a true and correct copy of the above and foregoing document was sent via the efiling service provider and/or facsimile transmittal to all counsel of record in the above-styled and numbered cause.

/s/*Michael W. Minton*
MICHAEL W. MINTON

## CERTIFICATE OF COMPLIANCE

I hereby certify in accordance with Tex. R. App. P. 9.4(i) that the above and foregoing document was prepared with Microsoft Word for a total of 1,405 words.

/s/*Michael W. Minton*
MICHAEL W. MINTON